UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAYME LYNN JACOBUS,<br><br>                  Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                  Defendant. | CASE NO. 2:15-cv-01684 JLR JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: August 12, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 17, 21, 22).

After considering and reviewing the record, the Court concludes that the ALJ did not commit harmful error in the evaluation of plaintiff's Social Security applications. When failing to credit fully plaintiff's allegations, the ALJ properly relied on

inconsistency between plaintiff's allegations and the objective medical evidence; inconsistency between plaintiff's allegations and her activities of daily living; and, an inference based on substantial evidence in the record as a whole that plaintiff's lack of work activity was a lifestyle choice, rather than resulting from her impairments.

Therefore, this matter should be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, JAYME LYNN JACOBUS, was born in 1963 and was 46 years old on the alleged date of disability onset of December 6, 2009 (*see* AR. 197-203, 204-10). Plaintiff has a high school equivalent education (*see* Dkt. 17, p. 2). Plaintiff has work experience as a cashier, sales clerk and daycare worker (AR. 58-59, 251). She was fired from her last job for using drugs (AR. 39-40).

According to the ALJ, plaintiff has at least the severe impairments of "diabetes mellitus and peripheral neuropathy, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 15).

At the time of the hearing, plaintiff was living with her husband and two dogs (AR. 45).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 67-79, 80-92, 95-107, 108-116). Plaintiff's requested

hearing was held before Administrative Law Judge Virginia M. Robinson ("the ALJ") on January 15, 2014 (*see* AR. 31-64). On March 14, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 10-30).

On August 25, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in October, 2015 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on February 23, 2016 (*see* Dkt. 13).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ failed to evaluate properly the plaintiff's subjective complaints of pain and limitation resulting from her peripheral neuropathy; and (2) Whether or not the ALJ failed to assess properly plaintiff's Residual Functional Capacity ("RFC"), and the ALJ's step 4 and step 5 findings lack substantial support (*see* Dkt. 17, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1) Whether or not the ALJ failed to evaluate properly plaintiff's subjective complaints of pain and limitation resulting from her peripheral neuropathy.**

Plaintiff contends that the ALJ erred by failing to credit fully plaintiff's allegations regarding limitations resulting from her impairments. Defendant contends that there is no harmful error.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929;

*Smolen v. Chater,* 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

      The Court agrees with defendant's concession that the ALJ may not have utilized the best language when indicating that the medical evidence of record shows that "the claimant's physical impairments cause some limitations but are not totally disabling" (AR. 20). It is true that a claimant is not required to demonstrate by objective medical

evidence the degree of limitations suffered. However, "magic words" on the part of an ALJ are not required. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Similarly, the reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.* Here, it is clear that the ALJ found that plaintiff's allegations are not supported by the objective medical evidence and that the ALJ did not inappropriately require objective demonstration of the extent of the limitations from plaintiff's impairments.

     **A.  Objective medical evidence**

Although an ALJ may not rely solely on a lack of corroboration from the objective medical evidence when failing to credit fully a claimant's allegations, inconsistency between a claimant's allegations and the objective medical evidence is a permissible factor for an ALJ to consider. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("Bray's statements at her hearing do not comport with objective evidence in her medical record"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects") (citing 20 C.F.R. § 404.1529(c)(2)).

Here, the ALJ noted that despite plaintiff's report that the tips of her fingers are numb and that heel pain limits her standing for about 20 to 30 minutes, on December 11, 2009, "five days after the claimant alleges she became disabled, she was observed to have normal gait and posture, and full range of motion in all extremities (AR. 20 (citing AR.

746)). Similarly, despite plaintiff's allegations regarding disabling anxiety, at this examination she was observed to be "alert and cooperative; normal mood and affect; normal attention span and concentration" (AR. 746).

The ALJ referenced plaintiff's nerve conduction studies performed in August 2010 which "showed minimal amplitudes in her feet but were otherwise normal" (AR. 20 (citing AR. 321, 326)). This assessment by the ALJ supported by substantial evidence in the record as the impression was "essentially normal NCV of the right arm and leg except for borderline sensory amplitudes in the feet" (AR. 326). The ALJ noted that on October 7, 2010, plaintiff "had normal motor bulk, tone, and strength in all four extremities [and] . . . . [her] gait was normal and coordination was intact" (AR. 20 (citing AR. 311)). In addition, the ALJ noted that in June 2011, when plaintiff sought treatment for left-sided weakness and facial droop, "the facial droop resolved before she got to the hospital, and she was noted to be moving without difficulty and walking normally" (AR. 20 (citing AR. 469)). Again, this assessment is based on substantial evidence and accurately reflects the notes in the record (*see* AR. 469). This treatment record also indicates that plaintiff demonstrated normal gait and posture and was "alert and cooperative; [with] normal mood and affect; [and] normal attention span and concentration" (AR. 470).

The ALJ also referenced how despite complaining of neuropathic symptoms in July 2011, plaintiff's physical examination "found normal pinprick and intact vibratory sensation with well-preserved reflexes [and] normal balance" (AR. 20 (citing AR. 302)). The ALJ's discussion is based on substantial evidence in the record as it accurately reflects the notations in the record (*see* AR. 302). The Court also notes in this treatment

record that "[we] have had difficulty demonstrating that she actually has a neuropathy by nerve conduction studies," although it is also noted that "[s]mall fiber neuropathies can be missed" (*id.*).

The ALJ continued the discussion of the objective medical evidence, noting that although plaintiff complained of worsening neuropathic pain in November 2011, "examination found normal reflexes, preserved vibratory and pinprick sensations, and no obvious deformities" (AR. 21 (citing AR. 572)). Similarly, the ALJ noted that plaintiff "had no motor or sensory deficits during a March 2012 emergency room visit for dog bite" (*id*. (citing AR. 339)). The ALJ also noted how during a July 2012 exam, plaintiff "was able to walk on her heels and toes, had symmetrical deep tendon reflexes, and moved with ease" (*id*. (citing AR. 431)). The ALJ noted that in May 2013, plaintiff "had equal grip strength bilaterally" (*id.* (citing AR. 669)). Similarly, the ALJ noted that plaintiff "had normal gait and normal muscle strength and tone in August 2013" (*id*. (citing AR. 657)). Finally, the ALJ noted that plaintiff "had no motor deficit, no sensory deficit, and normal reflexes in October 2013" (*id.* (citing AR. 792)).

Although the ALJ may have neglected to discuss every treatment record, including one that documented inflammation, pain and diminished sensory pinprick testing, this was, at most, harmless error as the ALJ discussed numerous records where plaintiff's sensation was normal. Therefore, the Court concludes the ALJ's finding that the objective medical evidence is inconsistent with plaintiff's allegations regarding her physical limitations is a finding based on substantial evidence in the record as a whole.

Although plaintiff's Opening Brief focuses on plaintiff's physical limitations, the Court also notes that the ALJ noted that during plaintiff's December 2012 exam she "was able to follow a three step command, complete serial three counting with one error, spell 'world' forward and backward, recalled four digits forward and three digits backward, and recall two of three objects after a five-minute delay" (*id*. (citing AR. 643)). The ALJ also noted numerous treatment records demonstrating "normal mood and affect and normal attention span and concentration" (*id.* (citing, *e.g*., AR. 473, 746); *see also* AR. 470).

For the reasons stated, the Court concludes that the ALJ's finding that the objective medical evidence is inconsistent with plaintiff's allegations is a finding based on substantial evidence in the record as a whole. In addition, the ALJ also relied on plaintiff's work history when failing to credit fully her allegations of disabling limitations.

**B. Plaintiff's work history and testimony regarding work**

As noted by the ALJ, plaintiff "was not working when she alleges she became disabled and has not attempted to work with her impairments" (AR. 22). The ALJ also noted that at her administrative hearing, plaintiff "testified that she has not worked since before she got married in 2006 [and she] stated that her husband did not want her to work outside the home, which is consistent with her reports to Dr. Walker" (*id.* (citing AR. 642 ("her husband did not want her to work . . . .")). Although plaintiff contends that her anxiety and neuropathy prevent her from working, the ALJ's inference that plaintiff's "lack of work activity was a lifestyle choice, rather than a result of her impairments," is a

permissible inference based on substantial evidence in the record as a whole (*see* AR. 22, 38 (plaintiff testified that her husband "did not want [her] to be working outside the home"), 642). *See Sample, supra*, 694 F.2d at 642 (An ALJ may "draw inferences logically flowing from the evidence") (citing *Beane*, *supra,* 457 F.2d 758; *Wade*, *supra,* 509 F. Supp. at 20).

### C. Plaintiff's activities of daily living

The ALJ also relied on inconsistencies between plaintiff's allegations and her activities of daily living when failing to credit fully plaintiff's allegations regarding limitations resulting from her impairments. For example, the ALJ noted that plaintiff's "ability to go to the gym on a regular basis is inconsistent with her claims of severe social anxiety, and her exercise regimen indicates that her physical symptoms were not as limiting as she alleges" (AR. 22 (citing AR. 486 ("[plaintiff] is planning to restart at the gym"), 717 ("[plaintiff] has been working really hard on weight loss and working out every day except on the weekend . . . . Joined city gym"). The Court concludes that there is substantial evidence in the record as a whole supporting the ALJ's finding that plaintiff's testimony that her anxiety level makes it difficult for her to be around people contradicts the references in the record regarding her regularly working out at a gym (*see* AR. 41, 486, 717). *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)) (an ALJ may rely on a claimant's activities of daily living when "they contradict the claimant's other testimony").

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ provided clear and convincing reasons based on substantial evidence in the record as a whole for failing to credit fully plaintiff's allegations regarding the limitations resulting from her impairments.

### D. Plaintiff's statements concerning drug use

The ALJ also relied on plaintiff's inconsistent statements regarding drug use. (AR. 22, 671 (plaintiff told a healthcare provider that she had not used drugs for over eight years), 781-82 (positive urine test for marijuana)). However, the Court does not rely on this specific reason provided by the ALJ when recommending affirming her decision.

The Social Security Administration recently has clarified that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2016 WL 111-9029, 2016 SSR LEXIS 4 at *1. As noted in the Ruling, adjudicators should "limit their evaluation to the individual's statements about [her] symptoms and the evidence in the record that is relevant to [her] impairments . . . . [as] [the] focus of the evaluation of an individual's symptoms should not be to determine [if] [][] she is a truthful person." *Id.* at 27. As stated by the Ninth Circuit, in reliance on the Supreme Court, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted); *but see Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989)).

Although the ALJ relied on inconsistencies regarding drug use, this reliance is questionable and it is not clear to what extent plaintiff's statements about drug use are relevant to her alleged limitations. However, the ALJ's reliance on lack of support from the medical evidence still is relevant and proper. In addition, plaintiff's reasons for leaving work and not attempting to return to work also are relevant to the question of whether or not plaintiff's impairments and resulting limitations render plaintiff unable to work or, to the contrary, if she had not been working for other reasons as a lifestyle choice. Similarly, the fact that some of plaintiff's activities of daily living contradict some of her allegations of limitations support the ALJ's failure to credit fully plaintiff's allegations regarding her limitations. Therefore, any error is harmless as these are "specific findings related to [plaintiff]'s ability to perform vocational functions." *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("the remaining valid reasons supporting the ALJ's determination are not 'relatively minor' [and] are specific findings related to Carmickle's ability to perform vocational functions, and they clearly demonstrate that to the extent the ALJ found Carmickle's testimony incredible, the ALJ did not do so arbitrarily") (citations omitted). These reasons alone provide clear and convincing rationale supported by substantial evidence in the record for the ALJ's failure to credit fully plaintiff's allegations when formulating her RFC.

>   (2) **If the ALJ failed to assess properly plaintiff's RFC and the step 4 and step 5 findings**.

Although plaintiff contends that the ALJ failed to assess properly her RFC and the remaining steps of the sequential disability evaluation process, plaintiff offers no new

1 arguments in support of this contention and instead relies on her allegation of error

2 regarding the ALJ's failure to credit fully her allegations of limitations. As the Court

3 concludes herein that the ALJ did not err when failing to credit fully plaintiff's

4 allegations of limitations, plaintiff's argument regarding her RFC and the steps four and

5 five of the sequential disability evaluation process are not persuasive.

## CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **defendant** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12**,** 2016, as noted in the caption.

Dated this 20th day of July, 2016.

J. Richard Creatura
United States Magistrate Judge